Dear Mr. Fowler:
I received your request for a re-evaluation of the effects that La. R.S. 18:102 has on the voting rights of convicted felons whose sentences are suspended under La. C.Cr.P. art. 893. This opinion incorporates and amends the findings of two previous Attorney General's Opinions, 89-456 and 98-16.
The analysis of this issue begins with La. R.S. 18:102, which states in pertinent part:
 No person shall be permitted to register or vote who is:
 (1) under an order of imprisonment, as defined in R.S. 18:2(2), for conviction of a felony; . . . (emphasis added)
The cited statute, La. R.S. 18:2(2), defines "under an order for imprisonment" as:
 . . . a sentence of confinement, whether or not suspended, whether or not the subject of the order has been placed on probation, with or without supervision, and whether or not the subject of the order has been paroled. (emphasis added)
Your question requires an interpretation of "suspension" under the provisions of Article 893 of the Louisiana Code of Criminal Procedure, specifically paragraph (A), which slates:
 When it appears that the best interest of the public and of the defendant will be served, the court, after a first or second conviction of a noncapital felony, may suspend, in whole or in part, the imposition or execution of either or both sentences, where suspension is allowed under the law, and in either or both cases place the defendant on probation under the supervision of the division of probation and parole. (emphasis added)
This statute sets forth two instances in which a judge may, in his discretion, grant a convicted felon a suspension: 1) he may suspend the imposition of the sentence, or 2) he may impose a sentence, then suspend the execution of that sentence. The two options yield different effects in terms of the convicted felon's voting rights.
La. R.S. 18:2 (2), requires that there be an actual sentence of confinement imposed, whether it is subsequently suspended or not, in order for a convicted felon to be "under an order of imprisonment" for the purposes of La. R.S. 18:102. That is, the language of La. R.S. 18:2(2) — "whether or not suspended" — contemplates a situation in which the judge merely suspends the execution of the sentence, not the actual imposition of the sentence. Accordingly, if a judge chooses to put the felon on simple probation, where there is no sentence imposed at all, that felon's voting rights may not be limited by La. R.S. 18:102. Thus, a mere felony conviction is not sufficient to abridge one's voting rights — there must be an actual sentence imposed for the18:102 exclusion to apply. This conclusion is bolstered by the language of the Louisiana Constitution Article I, § 10, and by the expression of legislative intent, as well.
It is therefore the opinion of this office that if a convicted felon is actually sentenced to confinement, and the execution of that sentence is suspended by the judge under La. C.Cr.P. art. 893, then La. R.S. 18:102 applies, and that felon should be purged from the voter registration list. However, if the judge chooses not to impose a sentence on the felon, to suspend that imposition under La. C.Cr.P. art. 893, then the felon's voting rights may not be limited pursuant to La. R.S.18:102.
I hope this opinion adequately clarifies this issue. If I may be of further assistance, please do not hesitate to contact me. With kindest regards, I remain
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ ELLISON C. TRAVIS Assistant Attorney General